| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the: |
| District of New Jersey |
| Case number *(if known)*: _____ Chapter 15 |

☐ Check if this is an
amended filing

## Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding    12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

| | | |
| --- | --- | --- |
| 1. | **Debtor's name** | Hector DAO |

| | | |
| --- | --- | --- |
| 2. | **Debtor's unique identifier** | **For non-individual debtors:**<br><br>☐ Federal Employer Identification Number (EIN)  __ __ – __ __ __ __ __ __ __<br><br>☑ Other N/A _____. Describe identifier _____.<br><br>**For individual debtors:**<br><br>☐ Social Security number:  xxx – xx– ____ ____ ____ ____<br><br>☐ Individual Taxpayer Identification number (ITIN): **9** xx – xx – ____ ____ ____ ____<br><br>☐ Other _____. Describe identifier _____. |

| | | |
| --- | --- | --- |
| 3. | **Name of foreign representative(s)** | James Drury and Paul Pretlove, as the Appointed Receivers of Hector DAO |

| | | |
| --- | --- | --- |
| 4. | **Foreign proceeding in which appointment of the foreign representative(s) occurred** | Receivership in Eastern Caribbean Supreme Court of the British Virgin Islands |

| | | |
| --- | --- | --- |
| 5. | **Nature of the foreign proceeding** | *Check one:*<br>☑ Foreign main proceeding<br>☐ Foreign nonmain proceeding<br>☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding |

| | | |
| --- | --- | --- |
| 6. | **Evidence of the foreign proceeding** | ☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.<br><br>☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.<br><br>☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.<br><br>_____ |

| | | |
| --- | --- | --- |
| 7. | **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?** | ☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)<br>☑ Yes |

Debtor   __Hector DAO_____   Case number (if known) _____
          Name

| 8. | **Others entitled to notice** | Attach a list containing the names and addresses of: |
|---|---|---|

(i)    all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)   all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii)  all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

**9.  Addresses**

**Country where the debtor has the center of its main interests:**

British Virgin Islands
_____

**Debtor's registered office:**

_____
Number      Street

_____
P.O. Box

_____
City          State/Province/Region     ZIP/Postal Code

_____
Country

**Individual debtor's habitual residence:**

_____
Number      Street

_____
P.O. Box

_____
City          State/Province/Region     ZIP/Postal Code

_____
Country

**Address of foreign representative(s):**

LM Business Centre, Fish Lock Road
_____
Number      Street

4571
_____
P.O. Box

Road Town, Tortola
_____
City          State/Province/Region     ZIP/Postal Code

British Virgin Islands
_____
Country

**10. Debtor's website** (URL)    https://hector.network
_____

**11. Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

☐   Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

☐   Partnership

☑   Other.  Specify: _DAO (decentralized autonomous organization)_____

☐ Individual

| Debtor | Hector DAO | Case number (if known) |
|---|---|---|
| | Name | |

| 12. **Why is venue proper in *this district*?** | Check one: |
|---|---|

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_____

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✗ _____     James Drury
Signature of foreign representative       Printed name

Executed on   06/16/2024
MM  / DD / YYYY

✗ _____     Paul Pretlove
Signature of foreign representative       Printed name

Executed on   06/16/2024
MM  / DD / YYYY

**14. Signature of attorney**

✗   /s/ Daniel M. Stolz            Date   06/17/2024
Signature of Attorney for foreign representative      MM  / DD / YYYY

Daniel M. Stolz
Printed name

Genova Burns LLC
Firm name

110 Allen Rd., Suite 304
Number        Street

Basking Ridge                          NJ        07920
City                                    State     ZIP Code

(973) 230-2095                         dstolz@genovaburns.com
Contact phone                          Email address

028461980                              NJ
Bar number                             State

<table>
<tr><td colspan="2">

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

</td></tr>
<tr><td>

**BROWN RUDNICK LLP**
David J. Molton, Esq.
Gerard T. Cicero, Esq.
dmolton@brownrudnick.com
gcicero@brownrudnick.com
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
Fax: (212) 209-4801

and

Stephen D. Palley, Esq. (*pro hac vice* pending)
spalley@brownrudnick.com
601 Thirteenth Street NW Suite 600
Washington, D.C. 20005
Tel: (202) 536-1766
Fax: (617) 289-0766

and

Michael W. Reining, Esq. (*pro hac vice* pending)
mreining@brownrudnick.com
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
Fax: (617) 856-8201

*Counsel for James Drury and Paul Pretlove, as the*
*Appointed Receivers of Hector DAO*

</td><td>

**GENOVA BURNS LLC**
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
dstolz@genovaburns.com
dclarke@genovaburns.com
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
Tel: (973) 230-2095

*Local Counsel for James Drury and Paul Pretlove, as the*
*Appointed Receivers of Hector DAO*

</td></tr>
<tr><td>

In re:

HECTOR DAO,
　　　　　　　　　Debtor.

</td><td>

Chapter 15
Case No.

</td></tr>
</table>

### EVIDENCE OF THE FOREIGN PROCEEDING AND STATEMENTS AND LISTS REQUIRED BY SECTION 1515 OF THE BANKRUPTCY CODE AND RULE 1007(A)(4) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

James Drury and Paul Pretlove, in their capacity as the appointed receivers (the

"Petitioners") of Hector DAO, make the following statements required by section 1515(c) of title

11 of the United States Code (the "Bankruptcy Code") and Rule 1007(a)(4) of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules").[1]

**A.    Evidence of the Foreign Proceeding as Required by Section 1515(b) of the Bankruptcy Code.**

1.      On February 16, 2024, Hector Enterprise Inc., with the cooperation of Hector

DAO's Liquidation Committee, filed an application with High Court of the Virgin Islands

(Commercial Division), Eastern Caribbean Supreme Court (the "BVI Court") to appoint the

Petitioners as joint and several receivers over the assets and undertakings of Hector DAO.

2.      On February 19, 2024, the BVI Court entered the Interim Receivership Order

appointing the Petitioners as joint and several interim receivers over the assets of Hector DAO,

including the Treasury Assets, for the purpose of collecting and preserving such assets as part of a

wind-down of Hector DAO.

3.      On March 12, 2024, the BVI Court entered the Continuation Order, continuing the

relief granted in the Interim Receivership Order and granting certain additional relief, including:

(i) permitting the Petitioners to take legal advice on and pursue an application for chapter 15

recognition under the United States Bankruptcy Code; and (ii) permitting the Petitioners to

formulate a detailed plan for the distribution of Hector DAO's Treasury Assets to HEC

Tokenholders.

4.      On April 10, 2024, the BVI Court entered the Final Receivership Order, appointing

the Petitioners as joint and several receivers, on a full and final basis, over the Treasury Assets,

with immediate effect, for the purpose of collecting in and preserving such assets, winding down

the operations of Hector DAO and distributing the Treasury Assets, firstly to admitted creditors

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Declaration of James Drury in Support of (I) Verified Petition for Recognition of Foreign Proceeding and (II) Motion in Support of Verified Petition for Recognition of Foreign Proceeding and for Related Relief*, filed contemporaneously herewith.

and then amongst the HEC Tokenholders who are eligible for a redemption in proportion with their token holding, as part of a collective liquidation process. *See* Final Receivership Order at 2, 4-5 (attached herein as <u>Exhibit A</u>). Pursuant to the Final Receivership Order the Receivers were granted additional powers for the purpose of planning and giving effect to a distribution of Treasury Assets amongst eligible HEC Tokenholders, rather than the preservatory role that the Receivers held in accordance with their interim appointment. *See id*. at 7.

5. As the court-appointed receivers in the BVI Receivership Proceeding, the Petitioners have control over the assets and management of Hector DAO pursuant to the Final Receivership Order. *See* Final Receivership Order at 3-5.

6. The BVI Court specifically authorized the Petitioners, as court officers and licensed insolvency practitioners, to exercise their powers both in the British Virgin Islands and abroad. *See* Final Receivership Order at 4-5.

7. The Final Receivership Order also authorized the Petitioners to, among other things, take and retain possession and/or control of the Treasury Wallet, take and retain possession of all documents, information, books and records relating to Hector DAO, investigate antecedent transactions effecting Hector DAO, exercise any rights exercisable by Hector DAO, enter into any transaction on behalf of Hector DAO, bring and defend actions in order to recognize the BVI Receivership Proceeding and the Petitioners' powers or to otherwise prevent interference with the receivership process, and do other acts that are in the Petitioners' discretion necessary for carrying out and giving effect to their appointment. *See* Final Receivership Order at 3-5.

8. The Petitioners assert that the Final Receivership Order satisfies the requirements of one or more of subsections 1515(b)(1) ("a certified copy of the decision commencing such foreign proceeding and appointing the foreign representative"), (b)(2) ("a certificate from the

3

foreign court affirming the existence of such foreign proceeding and of the appointment of the foreign representative"), and (b)(3) ("any other evidence acceptable to the court of the existence of such foreign proceeding and of the appointment of the foreign representative").

**B.      Statement Regarding One Foreign Proceeding Pursuant to Section 1515(c) of the Bankruptcy Code.**

9.      There is a foreign receivership proceeding pending in the British Virgin Islands concerning Hector DAO (the "BVI Receivership Proceeding"). The BVI Receivership Proceeding is described in greater detail in (a) the *Declaration of James Drury in Support of (i) Verified Petition for Recognition of Foreign Proceeding and (ii) Motion in Support of Verified Petition for Recognition of Foreign Proceeding and for Related Relief* (the "Drury Declaration"), and (b) the *Declaration of Christopher Pease in Support of (i) Verified Petition for Recognition of Foreign Proceeding and (ii) Motion in Support of Verified Petition for Recognition of Foreign Proceeding and for Related Relief* (the "Pease Declaration"), each filed contemporaneously herewith.

**C.      List of All Authorized Administrators of Hector DAO in the BVI Receivership Proceeding.**

10.      Pursuant to Bankruptcy Rule 1007(a)(4)(B), the Petitioners state that they are the only persons or bodies authorized to administer foreign proceedings of Hector DAO. The Petitioners' address is as follows:

James Drury and Paul Pretlove, as the Appointed Receivers of Hector DAO
PO Box 4571
LM Business Centre, Fish Lock Road
Road Town, Tortola
British Virgin Islands, VG1110
Email:
james.drury@interpath.com
paul.pretlove@interpath.com

**D.      Litigation Pending in the United States.**

11.      As described in greater detail in the Drury Declaration, on February 7, 2024, Newton AC/DC Fund L.P., an HEC Tokenholder, filed a complaint (the "<u>Newton Complaint</u>" and the proceeding the "<u>Newton Proceeding</u>") in U.S. District Court for the District of New Jersey, Trenton Division, Judge Robert Kirsch presiding (the "<u>NJ District Court</u>"), against Hector DAO, Farooq Hassan (a former member of the Liquidation Committee), and John Doe (an unknown person who holds an account at the Binance Exchange), alleging, among other things, that Hector DAO failed to fulfil its obligations to HEC Tokenholders and misapplied and/or wasted the Treasury Assets. *See* Verified Complaint, <u>Newton AC/DC Fund L.P. v. Hector DAO</u>, Civil Action No. 24-722 (RK) (JBD) (D.N.J. filed Feb. 7, 2024) (Dkt. No. 1).  The Newton Complaint alleges breach of contract, unregistered offer and sale of securities under sections 5 and 12(a)(1) of the Securities Act of 1933, and breach of fiduciary duty against all named defendants, and conversion against all defendants.

12.      The Newton Proceeding remains pending in NJ District Court.  Accordingly, pursuant to Bankruptcy Rule 1007(a)(4)(B) the Petitioners provide the below list containing the names and addresses of all known parties to the Newton Proceeding:

- Newton AC/DC Fund L.P.

  c/o: Eric B. Meyer, Esq.
  Pierson Ferdinand LLP
  One Liberty Place
  1650 Market Street, Suite 3600
  Philadelphia, Pennsylvania 19103

  and

  William H. Newman, Esq.
  Oberheiden, P.C.
  30 Wall Street, Eighth Floor
  New York, New York 10005

- Farooq Hassan
  24 Elm Drive
  East Windsor, New Jersey 08520

**E.      Entities Against Whom Provisional Relief is Sought.**

13.      Pursuant to Bankruptcy Rule 1007(a)(4)(B), the Petitioners state they are not seeking provisional relief under section 1519 of the Bankruptcy Code against any entity at this time.  The Petitioners, however, reserve their rights to seek any such provisional relief.

Respectfully Submitted:

Dated: June 17, 2024                          /s/ Daniel M. Stolz
                                                    _____

                                   **GENOVA BURNS LLC**
                                   Daniel M. Stolz, Esq.
                                   Donald W. Clarke, Esq.
                                   110 Allen Rd., Suite 304
                                   Basking Ridge, NJ 07920
                                   (973) 230-2095
                                   dstolz@genovaburns.com
                                   dclarke@genovaburns.com

                                   *Local Counsel for James Drury and Paul Pretlove,*
                                   *as the Appointed Receivers of Hector DAO*

                                   **BROWN RUDNICK LLP**
                                   David J. Molton, Esq.
                                   Gerard T. Cicero, Esq.
                                   Seven Times Square
                                   New York, New York 10036
                                   (212) 209-4800
                                   dmolton@brownrudnick.com
                                   gcicero@brownrudnick.com

                                   and

                                   Stephen D. Palley, Esq. (*pro hac vice* pending)
                                   601 13th St. NW Suite 600
                                   Washington, D.C. 20005
                                   (202) 536-1766
                                   spalley@brownrudnick.com

6

and

Michael W. Reining, Esq. (*pro hac vice* pending)
One Financial Center
Boston, MA 02111
(617) 856-8200
mreining@brownrudnick.com

*Counsel for James Drury and Paul Pretlove, as the
Appointed Receivers of Hector DAO*

**<u>Exhibit A</u>**

**Case Number :BVIHCOM2024/0072**

**FILED**
**HIGH COURT**
**TERRITORY OF**
**THE VIRGIN ISLANDS**

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**VIRGIN ISLANDS**
**COMMERCIAL DIVISION**
**CLAIM NO. BVIHCOM 2024/0072**

**Submitted Date:10/04/2024 13:34**

**Filed Date:10/04/2024 13:34**

**Fees Paid:72.59**

**BETWEEN:**

**HECTOR ENTERPRISE INC**
**(acting through its director DLT SOLUTIONS LIMITED)**

**Applicant**

**AND**

| | |
|---|---|
| **(1)** | **HECTOR DAO** |
| **(2)** | |
| **(3)** | |
| **(4)** | |
| (5) | |

**Respondents**

---

**ORDER**

---

Before:      The Honourable Justice Webster (Ag)

Made:        9 April 2024

Entered:    [**10**] April 2024

**UPON** the Applicant filing a Fixed Date Claim Form (the **Claim**) for the appointment of receivers, on a final basis, to collect, preserve and distribute assets held by or on behalf of Hector DAO (the **Treasury Assets**) including those held within digital wallet address 0xdCad10a8E82fe4e90Cb69B1757C2d612745CD1C9 (the **Treasury Wallet**) as part of a wind-down of Hector DAO and a distribution of the Treasury Assets to eligible Hector DAO tokenholders (**HEC Tokenholders**)

1

**AND UPON** the Agreement dated 16 February 2024 between the Applicant and the Second, Third and Fourth Respondents

**AND UPON** the Interim Receivership Order of Justice Webster dated 19 February 2024 and the Continuation Order of Justice Webster dated 12 March 2024 pursuant to which Mr James Drury and Mr Paul Pretlove both of Interpath (BVI) Limited, PO Box 4571, LM Business Centre, Fish Lock Road, Road Town, Tortola, British Virgin Islands, VG1110 (the *Receivers*) were appointed on an interim basis for the purpose of preserving the Treasury Assets

**AND UPON** the court considering the evidence listed at Schedule A to this order

**AND UPON** the parties agreeing to the terms of this order

**AND UPON** the Claim coming on for hearing on 9 April 2024, with the hearing taking place in private to preserve the confidentiality of evidence and reports that are sealed in these proceedings

**AND UPON HEARING** Counsel for the Claimant

**AND UPON** the Applicant giving the Undertakings to the Court as set out in Schedule B to this order

**IT IS ORDERED THAT:-**

**RECEIVERSHIP**

1. The Receivers be appointed joint and several receivers, on a full and final basis, over the Treasury Assets, with immediate effect, for the purpose of collecting in and preserving such assets, winding down the operations of Hector DAO and distributing the Treasury Assets amongst the HEC Tokenholders who are eligible for a redemption in proportion with their token holding, as part of a collective liquidation process.

2.   The Receivers shall have the power, in any jurisdiction, which shall only be exercisable with further sanction from this court, to bring or defend any action or other legal proceedings in the courts in this jurisdiction or any other country that do not fall within the type of legal proceedings caught by paragraph 3(m) below.

3.   The Receivers shall have the following powers, which shall be exercisable in any jurisdiction without further sanction from this court:

   a.   To take and retain possession and/or control of the Treasury Wallet;

   b.   subject to paragraphs 10 and 11 below, to take, retain possession of, collect, transfer, hold, preserve and/or distribute the Treasury Assets to all HEC Tokenholders eligible for a redemption in proportion with their token holding;

   c.   to require the Respondents to provide such information and documents relating to Hector DAO, the Treasury Wallet and/or the Treasury Assets as the Receivers may require;

   d.   to require any other persons or entities, wherever located, to transfer or otherwise provide to the Receivers any of the Treasury Assets and/or any documentation or information relating to Hector DAO, the Treasury Wallet and/or the Treasury Assets, within their possession or control;

   e.   to take and retain possession of all documents, information, books and records (whether electronic or otherwise) relating to the undertaking and affairs of Hector DAO and its assets including the Treasury Wallet and the Treasury Assets;

   f.   to investigate any such, and all, "antecedent transactions" effecting Hector DAO, not limited to, the exploit and hack of the distribution smart contract on 15 January 2024;

   g.   to execute such documents, in the name of Hector DAO or otherwise, as may be required to enable them to carry out their duties under this order;

3

h.  to exercise any rights that are exercisable by Hector DAO or those acting on its behalf, including employees and/or contractors engaged by the Applicant;

i.  to enter into any transaction, including any blockchain transaction, on behalf of Hector DAO;

j.  to create, use, alter or terminate any smart contract, algorithm or code on behalf of Hector DAO;

k.  to appoint and engage employees, managers, agents and advisers, on behalf of Hector DAO or otherwise, upon such terms as to remuneration and otherwise and for such periods as they may determine, and to dismiss them;

l.  to instruct legal representatives or other professionals to act for the Receivers and/or for Hector DAO in any jurisdiction to assist them in the performance of their duties and for that purpose to execute in the name and on behalf of Hector DAO all necessary documents, including powers of attorney;

m.  to take legal advice on and to bring or defend any action or other legal proceedings in the courts in this jurisdiction or any other country in order to recognise the receivership and the powers granted in accordance with this order, including by way of Chapter 15 recognition in the United States, or to otherwise prevent interference with the receivership process;

n.  to use any agents, tools, software or otherwise for the purpose of taking custody of, transferring and/or distributing the Treasury Assets;

o.  to use Treasury Assets for the payment of the Receivers' reasonable fees, costs and expenses, including the fees, costs and expenses of any employees, managers, agents, advisors, legal representatives or other professionals, with such fees, costs and expenses to be paid in priority to the distribution of the remaining Treasury Assets amongst the HEC Tokenholders;

p.  to adjudicate claims by creditors of Hector DAO and/or of the Applicant and to use Treasury Assets to make payment of any claims admitted by the Receivers in full and, if

4

necessary, in priority to the distribution of the remaining Treasury Assets amongst eligible HEC Tokenholders, provided that any such creditors shall have the right to apply to Court to challenge the Receivers' adjudication or otherwise seek directions from the Court in relation to the adjudication;

q.  to give notice of the Receivers' appointment to such parties as the Receivers deem necessary;

r.  to seek recognition of the Receivers' appointment in such jurisdiction(s) as the Receivers deem necessary, including by way of Chapter 15 proceedings the United States;

s.  to obtain such approvals or authorisations, whether judicial or otherwise and whether in the Receivers' own name or in the name of Hector DAO as may be necessary or expedient to enable the Receivers to exercise their powers within any jurisdiction;

t.  to share any information with the Applicant and/or Respondents that the Receivers consider it necessary or appropriate to share, whether obtained pursuant to this order or otherwise; and

u.  except as otherwise provided for in this order, to do all such acts or things as the Receivers may in their discretion consider necessary for carrying out and giving effect to their appointment.

4.  The Respondents shall, upon the Receivers making any request for information, documents, books or records in accordance with the Receivers' powers set out at paragraph 2 above, take all steps reasonable to comply.

5.  The Respondents shall provide all reasonable assistance (and shall procure that their agents, nominees, trustees or attorneys shall provide all reasonable assistance) to the Receivers in their exercise of their powers.

6.  The reasonable costs of the receivership shall be paid out of the Treasury Assets in priority to all other claims as if they were costs of a liquidator where a company had been placed into liquidation, provided that the Applicant or any other interested person shall have liberty to apply to the court

on notice to the Receivers for a determination of the reasonableness of such remuneration, costs and expenses.

7.    The Receivers shall have the power and be permitted to apply sums from the Treasury Assets to pay the Receivers' reasonable fees, costs and expenses of the receivership, in accordance with paragraphs 3(o) and 6, and may do so as and when such fees, costs and expenses are incurred without first seeking an order of the court pursuant to s.134(3) of the Insolvency Act provided that 100% of out of pocket expenses and costs but only 80% of professional fees are paid until such a time as the court fixes the Receivers' remuneration (with the remaining 20% to be held in reserve and, where appropriate, separated from other Treasury Assets until remuneration has been fixed).

8.    Security for the appointment of the Receivers is hereby dispensed with (such requirement being dispensed with pursuant to CPR 51.4(2)).

9.    The Receivers must file a report within 3 months of the date of this order, and thereafter every 3 months, updating the court on the status of the receivership, which shall include (but need not be limited to):

    a.   The actions taken in accordance with their appointment;

    b.   The status of the Treasury Assets, if not distributed at the time of the report;

    c.   The steps still to be taken and estimated timeframe until any distribution of the Treasury Assets can take place;

    d.   Any other actions required to wind-down the operations of Hector DAO and an estimated timeframe for the same; and

    e.   The fees, costs and expenses incurred to date and an estimate of the fees, costs and expenses that will be incurred until the purpose of the Receivers' appointment has been achieved.

10. The Receivers shall formulate, prepare and submit to the Court a plan for the distribution of the Treasury Assets to eligible HEC Tokenholders in accordance with paragraph 11 below, which shall be subject to the Court's approval before any final distribution is made.

11. The plan for distribution required by paragraph 10 above shall, inter alia:

   a. consider the rights and obligations of all HEC Tokenholders and identify which HEC Tokenholders are eligible to receive a proportion of the Treasury Assets upon redemption of relevant tokens;

   b. provide for *pari passu* and *pro rata* treatment of all eligible Tokenholders;

   c. explain by which method(s) eligible HEC Tokenholders will satisfy the Receivers (and the Court) of their identity as part of a KYC process in accordance with British Virgin Islands Anti Money Laundering Regulations, which shall be required as part of the distribution process before payments to eligible HEC Tokenholders will be permitted by the Court;

   d. explain by which method(s) eligible HEC Tokenholders will satisfy the Receivers of their eligibility to receive a redemption payment as part of the distribution, which shall include an explanation of how the prior snapshot registration will be adopted; and

   e. explain the method by which a distribution to eligible HEC Tokenholders will take place.

12. The Receivers shall have the power, and shall be permitted, to proceed with the plan on the basis of the decisions already outlined in the Receivers' Second Interim Report to the BVI Court, although they shall not be constrained in making a distribution solely in accordance with those decisions.

**PARTIES OTHER THAN THE APPLICANT, THE RESPONDENTS AND THE RECEIVERS**

13. Persons outside the Virgin Islands:

   (a) Except as provided in paragraph (b) below, the terms of this order do not affect or concern anyone outside the jurisdiction of this court.

(b)    The terms of this order will affect the following persons in a country or state outside the jurisdiction of this court:

(i)    any person who:

(A)    is subject to the jurisdiction of this court;

(B)    has been given written notice of this order at his residence or place of business within the jurisdiction of this court; and

(C)    is able to prevent acts or omissions outside the jurisdiction of this court which constitute or assist in a breach of the terms of this order; and

(ii)    any other person, only to the extent that this order is declared enforceable by or is enforced by a court in that country or state.

## ASSETS LOCATED OUTSIDE THE BRITISH VIRGIN ISLANDS

14.    Nothing in this order shall, in respect of assets outside the British Virgin Islands, prevent any third party from complying with-

(a)    What it reasonably believes to be its obligations, contractual or otherwise, under the laws and obligations of the country or state in which those assets are situated or under the proper law of any contract between itself and the Respondents; and

(b)    Any orders of the Courts of that country or state, provided that reasonable notice of any application for such an order is given to the Applicants' solicitors.

## LIBERTY TO APPLY

15.    The Applicant, the Respondents, the Receivers and any other person affected by this order shall have liberty to apply for directions concerning the conduct of the receivership or any other issues arising from this order.

## SEALING THE EVIDENCE AND REPORTS

16.    The Registrar of the High Court shall, until further order of the Court, seal the evidence and the Receivers reports filed in these proceedings to preserve the confidentiality of and prevent the disclosure of information contained within them and there is no requirement to serve copies of the evidence or the Receivers' reports on any of the Respondents.

**COSTS**

17.    The costs of this application be costs in the receivership.

**BY ORDER OF THE COURT**

**Dep. REGISTRAR**

**COMMUNICATIONS WITH THIS COURT**

All communications to the Court about this Order should be sent to:-

The Court office is located at the Registry of the High Court, the Court House, Road Town, Tortola, British Virgin Islands; Telephone number: +1 284 468 5001; Facsimile number: +1 284 468 4951; REF: 062928.0001/CJP. The office is open between 9am and 4:30pm, Monday to Friday, except public holidays.

**SCHEDULE A**

**EVIDENCE IN SUPPORT OF FIXED DATE CLAIM FORM**

1.  First Affidavit of ███████████ dated 16 February 2024
2.  Second Affidavit of ███████████ dated 19 February 2024
3.  Third Affidavit of ███████████ dated 11 March 2024
4.  Fourth Affidavit of ███████████ dated 5 April 2024

**SCHEDULE B**

**UNDERTAKINGS GIVEN TO THE COURT BY THE APPLICANTS**

1.  The Applicant will as soon as reasonably practicable serve this Order upon the Respondents.

2.  The Applicant will not, without the permission of the court, seek to enforce this order in any country outside the BVI (albeit this will not disturb the Receivers' right to take steps to preserve the Treasury Assets in any other jurisdiction).

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**VIRGIN ISLANDS**
**COMMERCIAL DIVISION**

**CLAIM NO. BVIHCOM 2024/0072**

**HECTOR ENTERPRISE INC**
**(acting through its director DLT SOLUTIONS LIMITED)**

**Applicant**

**AND**

(1) **HECTOR DAO**
(2) ████████
(3) ████████
(4) ████████
~~(5)~~ ████████

**Respondents**

---

**ORDER**

---

**Harney Westwood & Riegels, LP**
Legal Practitioners for the Applicant
Craigmuir Chambers, PO Box 71
Road Town, Tortola
British Virgin Islands
T (284) 494-2233
Ref: 062928.0001/CJP

12

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY Caption in Compliance with D.N.J. LBR 9004-1(b) | |
|---|---|
| **BROWN RUDNICK LLP** David J. Molton, Esq. Gerard T. Cicero, Esq. dmolton@brownrudnick.com gcicero@brownrudnick.com Seven Times Square New York, NY 10036 Tel: (212) 209-4800 Fax: (212) 209-4801 and Stephen D. Palley, Esq. (*pro hac vice* pending) spalley@brownrudnick.com 601 Thirteenth Street NW Suite 600 Washington, D.C. 20005 Tel: (202) 536-1766 Fax: (617) 289-0766 and Michael W. Reining, Esq. (*pro hac vice* pending) mreining@brownrudnick.com One Financial Center Boston, MA 02111 Tel: (617) 856-8200 Fax: (617) 856-8201 *Counsel for James Drury and Paul Pretlove, as the Appointed Receivers of Hector DAO* | **GENOVA BURNS LLC** Daniel M. Stolz, Esq. Donald W. Clarke, Esq. dstolz@genovaburns.com dclarke@genovaburns.com 110 Allen Rd., Suite 304 Basking Ridge, NJ 07920 Tel: (973) 230-2095 *Local Counsel for James Drury and Paul Pretlove, as the Appointed Receivers of Hector DAO* |
| In re: HECTOR DAO,                          Debtor. | Chapter 15 Case No. |

## <u>VERIFICATION OF CHAPTER 15 PETITION</u>

I, James Drury, verify as follows:

1.    I am a court-appointed joint and several receiver (a "<u>Receiver</u>") of Hector DAO, duly appointed by the High Court of the Virgin Islands (Commercial Division), Eastern Caribbean Supreme Court.

2.      In my capacity as a Receiver, I filed a voluntary Chapter 15 Petition for

Recognition of a Foreign Proceeding, including the following attachments thereto (together, the

"Chapter 15 Petition"):

- *Evidence of the Foreign Proceeding and Statements and Lists Required by Section 1515 of the Bankruptcy Code and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure*

3.      The factual statements set forth in the Chapter 15 Petition are true and correct.

I verify under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed on: June 16, 2024        By: _____

*James Drury, as Joint and Several Receiver of Hector DAO*

2