| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** **DISTRICT OF NEW JERSEY** Caption in Compliance with D.N.J. LBR 9004-1(b) | |
| **BROWN RUDNICK LLP** David J. Molton, Esq. Gerard T. Cicero, Esq. dmolton@brownrudnick.com gcicero@brownrudnick.com Seven Times Square New York, NY 10036 Tel: (212) 209-4800 Fax: (212) 209-4801 and Stephen D. Palley, Esq. (*pro hac vice* pending) spalley@brownrudnick.com 601 Thirteenth Street NW Suite 600 Washington, D.C. 20005 Tel: (202) 536-1766 Fax: (617) 289-0766 and Michael W. Reining, Esq. (*pro hac vice* pending) mreining@brownrudnick.com One Financial Center Boston, MA 02111 Tel: (617) 856-8200 Fax: (617) 856-8201 *Counsel for James Drury and Paul Pretlove, as the Appointed Receivers of Hector DAO* | **GENOVA BURNS LLC** Daniel M. Stolz, Esq. Donald W. Clarke, Esq. dstolz@genovaburns.com dclarke@genovaburns.com 110 Allen Rd., Suite 304 Basking Ridge, NJ 07920 Tel: (973) 230-2095 *Local Counsel for James Drury and Paul Pretlove, as the Appointed Receivers of Hector DAO* |
| In re: HECTOR DAO, Debtor. | Chapter 15 Case No. 24-16067 (MBK) |

### *EX PARTE* MOTION OF PETITIONERS FOR AN ORDER (I) SCHEDULING HEARING ON RECOGNITION OF VERIFIED CHAPTER 15 PETITION AND MOTION FOR RELATED RELIEF AND (II) SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE

James Drury and Paul Pretlove, in their capacity as the court-appointed receivers (the "Petitioners") of Hector DAO, the above-captioned debtor, with respect to a receivership proceeding ongoing before the High Court of the Virgin Islands (Commercial Division), Eastern Caribbean Supreme Court (the "BVI Receivership Proceeding"), by and through their U.S. counsel, Brown Rudnick LLP, respectfully submit this *ex parte* motion (the "Motion") seeking

the entry of an order, substantially in the form of the proposed order attached as <u>Exhibit A</u>: (i) scheduling a hearing (the "<u>Recognition Hearing</u>") on the relief sought in the *Verified Petition for Recognition of Foreign Proceeding* and the *Motion in Support of Verified Petition for Recognition of Foreign Proceeding and for Related Relief* (together, the "<u>Verified Petition and Related Motion</u>") filed concurrently herewith; and (ii) specifying the form and manner of service thereof.  In support of the Motion, the Petitioners respectfully represent as follows.

### Jurisdiction, Venue, and Predicates for Relief

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).  Venue is proper in this Court pursuant to 28 U.S.C. § 1410.

2. The predicates for the relief requested herein are 11 U.S.C. § 105(a) and Rules 1101, 2002, and 9007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 9013-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "<u>Local Rules</u>").

### Background

3. Background information relevant to this Motion is set forth in (a) the *Verified Petition and Related Motion*, (b) the *Declaration of James Drury in Support of (i) Verified Petition for Recognition of Foreign Proceeding and (ii) Motion in Support of Verified Petition for Recognition of Foreign Proceeding and for Related Relief* (the "<u>Drury Declaration</u>"), and (c) the *Declaration of Christopher Pease in Support of (i) Verified Petition for Recognition of Foreign Proceeding and (ii) Motion in Support of Verified Petition for Recognition of Foreign Proceeding and for Related Relief* (the "<u>Pease Declaration</u>", and together with the Drury

2

Declaration, the "<u>Declarations</u>"), which were filed concurrently herewith and are incorporated by reference.

<u>**Relief Requested**</u>

4.     This Motion seeks the entry of an order, substantially in the form of the proposed order attached as <u>Exhibit A</u>: (i) scheduling the Recognition Hearing for July 15, 2024, at 1:00 p.m. (Eastern) or as soon thereafter as the Court's calendar permits; (ii) setting July 8, 2024 at 4:00 p.m. (Eastern), seven days prior to the Recognition Hearing, as the deadline by which any responses or objections to the relief requested in the Verified Petition and Related Motion must be received by counsel for the Petitioners and filed with the Court (the "<u>Objection Deadline</u>"); (iii) approving the form of notice of the Recognition Hearing attached as <u>Exhibit B</u> (the "<u>Notice</u>"), and (iv) specifying the manner of service of the Notice as described herein.

<u>**Basis for Relief**</u>

5.     Bankruptcy Rule 2002(q)(1) provides for at least 21 days' notice of a hearing to consider a petition for recognition of a foreign proceeding must be given to the "debtor, all administrators in foreign proceedings of the debtor, [all] entities against whom provisional relief is being sought under" section 1519 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), all parties to any pending litigation "in the United States in which the debtor is a party," and any other parties as the Court may direct.  Moreover, Bankruptcy Rules 2002(m) and 9007 state that the form and manner of notice shall be designated by the Court, unless otherwise provide by the Bankruptcy Rules.  The Bankruptcy Rules do not prescribe the form and manner of notice to be provided in connection with a hearing on a petition for recognition of a foreign proceeding and, therefore, the Court may do so.

3

6.    The following parties are entitled to such notice (collectively, the "Notice Parties"):

**The Debtor**

- Hector DAO, in Receivership
  c/o James Drury and Paul Pretlove, as the Appointed Receivers
  Interpath (BVI) Limited
  PO Box 4571
  LM Business Centre, Fish Lock Road
  Road Town, Tortola
  British Virgin Islands, VG1110
  Email: james.drury@interpath.com
         paul.pretlove@interpath.com

**Administrator(s) of Foreign Proceeding(s)**

- James Drury and Paul Pretlove, as the Appointed Receivers
  Interpath (BVI) Limited
  PO Box 4571
  LM Business Centre, Fish Lock Road
  Road Town, Tortola
  British Virgin Islands, VG1110
  Email: james.drury@interpath.com
         paul.pretlove@interpath.com

**Parties to U.S. Litigation**

- Newton AC/DC Fund L.P.

  c/o: Eric B. Meyer, Esq.
  Pierson Ferdinand LLP
  One Liberty Place
  1650 Market Street, Suite 3600
  Philadelphia, Pennsylvania 19103

  and

  William H. Newman, Esq.
  Oberheiden, P.C.
  30 Wall Street, Eighth Floor
  New York, New York 10005

4

- Farooq Hassan
  24 Elm Drive
  East Windsor, New Jersey 08520

**Other Parties Entitled to or Otherwise Receiving Notice**

- Hector Enterprise Inc.
  c/o DLT Solutions Limited
  2nd Floor, Charles Court Building
  189 Main Street
  Tortola
  British Virgin Islands

- The Office of the United States Trustee

- Such other entities as the Court may direct

7.     Consistent with the applicable Bankruptcy and Local Rules, the Petitioners seek to provide notice of this chapter 15 case to the Notice Parties.  The Petitioners respectfully submit that Bankruptcy Rule 2002(q) is satisfied by (i) service of the Notice, the Verified Petition and Related Motion, and the Declarations (together, the "Notice Documents") by United States mail, first-class postage prepaid (or overnight courier, as the Court may direct), on the Notice Parties, in accordance with Bankruptcy Rules 2002(k) and (q) and Local Rule 9013-1(a), and that such service constitutes adequate and sufficient notice of this chapter 15 case, the relief sought in the Verified Petition and Related Motion, the deadline for filing objections to the relief sought in the Verified Petition and Related Motion, and the time, date, and place of the Recognition Hearing.  Accordingly, the Petitioners respectfully request that this Court approve the foregoing manner of notice and service of the Notice Documents pursuant to Bankruptcy Rules 2002(m), (q), and 9007.

8.     The Petitioners respectfully submit that the Notice (attached hereto as Exhibit B) provides adequate information to apprise the Notice Parties of the relief sought in the Verified

Petition and Related Motion, and requests that the Court declare the form and content of the Notice to be sufficient and in compliance with the applicable Bankruptcy Rules and Local Rules.

9.     Consistent with Bankruptcy Rule 2002(q)(1), which provides for at least 21 days' notice of a hearing to consider a petition for recognition of a foreign proceeding, Bankruptcy Rule 1012(b), which provides that any opposition to the petition for recognition shall be presented no later than seven days before the date set for the hearing on the petition, and Local Bankruptcy Rule 9013-2, which provides that a motion must be filed and served not later than 21 days before the hearing date and that any opposition to the motion must be filed and served not later than 7 days before the hearing date, the Petitioners respectfully submit that: (i) scheduling the Recognition Hearing for July 15, 2024, at 1:00 p.m. (Eastern) (or as soon thereafter as the Court's calendar permits) and (ii) setting July 8, 2024 at 4:00 p.m. (Eastern) as the Objection Deadline, is appropriate under the circumstances.

10.     Section 1514(c) of the Bankruptcy Code provides that when "notification of commencement of a case is to be given to foreign creditors, such notification shall[] indicate the time period for filing proofs of claim[,] specify the place for filing such proofs of claim[, and] indicate whether secured creditors need to file proofs of claim." 11 U.S.C. § 1514(c).  It is not clear that section 1514 of the Bankruptcy Code applies in the context of a case under chapter 15 in which administration of claims may not take place.  Section 1514 of the Bankruptcy Code is the "last in the series of sections dealing with the international aspects of cases under chapters other than chapter 15 that began with section 1511. . . ."  8 *Collier on Bankruptcy* ¶ 1514.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).  Furthermore, as described in the Drury Declaration at ¶¶ 25, 28 and the Pease Declaration at ¶¶ 13, 16, the Petitioners submit that the

claims administration and distribution process with respect to Hector DAO's assets will be administered in the BVI Receivership Proceeding.

11.     Therefore, the Petitioner requests that this Court waive the notice requirements of section 1514(c).

12.     As stated by Judge Louise de Carl Adler of the U.S. Bankruptcy Court for the Southern District of California:

> A judge may be asked by the foreign representative not to give the full notice required upon case commencement by § 1514(c)(1)–(2). Modification of that section to avoid confusion and a conflicting claims process seems to be appropriate in instances in which a bar date has already been fixed in the foreign case and notice has already been given to creditors in that case. Deferral may also be desirable because the claims process has not yet been established in the foreign jurisdiction and the foreign representative may need more time to coordinate the filing of claims as between the U.S. case and foreign case. Finally, if there is some question whether the foreign proceeding is the "main" proceeding, the judge may wish to instruct the parties to defer sending out notice of where to file claims until the judge has decided the issue.

Hon. Louise de Carl Adler, *Managing the Chapter 15 Cross-Border Insolvency Case, A Pocket Guide for Judges* at 9 (Fed. Jud. Ctr. 2011).

13.     Such relief is routinely granted by courts on an *ex parte* basis in chapter 15 cases. *See, e.g., In re Strata Energy Services Inc. et al.*, Case No. 15-20821 (Bankr. D. Wy. Dec. 15, 2015) [D.I. 13]; *In re Cogent Fibre Inc.*, Case No. 15-11877 (Bankr. S.D.N.Y. July 21, 2015) [D.I. 14]; *In re Upper Deck Int'l B.V.*, Case No. 12-14294 (Bankr. S.D.N.Y. Oct. 18, 2012) [D.I. 8] (entered on an *ex parte* basis); *In re Lion City-Run Off Private Limited*, Case No. 06-10461 (Bankr. S.D.N.Y. March 20, 2006) [D.I. 8].

### *Ex Parte* **Motion**

14.     Given the procedural nature of the relief sought herein, this Motion is made on an *ex parte* basis.

7

**No Prior Request**

15.     No prior motion or application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Petitioners respectfully request that the Court enter the proposed order attached as Exhibit A (i) scheduling the Recognition Hearing and the Objection Deadline; (ii) approving the manner and form of Notice attached as Exhibit B and service of the Notice Documents; and (iii) granting the Petitioners such other relief as is appropriate.

Respectfully Submitted:

Dated: June 17, 2024                    /s/ Daniel M. Stolz

**GENOVA BURNS LLC**
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
(973) 230-2095
dstolz@genovaburns.com
dclarke@genovaburns.com

*Local Counsel for James Drury and Paul Pretlove,
as the Appointed Receivers of Hector DAO*

**BROWN RUDNICK LLP**
David J. Molton, Esq.
Gerard T. Cicero, Esq.
Seven Times Square
New York, New York 10036
(212) 209-4800
dmolton@brownrudnick.com
gcicero@brownrudnick.com

and

Stephen D. Palley, Esq. (*pro hac vice* pending)
601 13th St. NW Suite 600
Washington, D.C. 20005

8

(202) 536-1766
spalley@brownrudnick.com

and

Michael W. Reining, Esq. (*pro hac vice* pending)
One Financial Center
Boston, MA 02111
(617) 856-8200
mreining@brownrudnick.com

*Counsel for James Drury and Paul Pretlove, as the*
*Appointed Receivers of Hector DAO*

**<u>Exhibit A</u>**

**(Proposed Order)**

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-1(b) | |
|---|---|
| **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Gerard T. Cicero, Esq.<br>dmolton@brownrudnick.com<br>gcicero@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Stephen D. Palley, Esq. (*pro hac vice* pending)<br>spalley@brownrudnick.com<br>601 Thirteenth Street NW Suite 600<br>Washington, D.C. 20005<br>Tel: (202) 536-1766<br>Fax: (617) 289-0766<br><br>and<br><br>Michael W. Reining, Esq. (*pro hac vice* pending)<br>mreining@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br><br>*Counsel for James Drury and Paul Pretlove, as the*<br>*Appointed Receivers of Hector DAO* | **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 230-2095<br><br>*Local Counsel for James Drury and Paul Pretlove, as the*<br>*Appointed Receivers of Hector DAO* |
| In re:<br><br>HECTOR DAO,<br>                              Debtor. | Chapter 15<br>Case No. 24-16067 (MBK) |

### *EX PARTE* ORDER (I) SCHEDULING HEARING ON RECOGNITION OF VERIFIED CHAPTER 15 PETITION AND MOTION FOR RELATED RELIEF AND (II) SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE

Upon consideration of the *Ex Parte* Motion of James Drury and Paul Pretlove, in their capacity as the appointed receivers and duly-authorized foreign representatives of Hector DAO, the above-captioned debtor, for an Order (i) Scheduling a Recognition Hearing on the

11

Recognition of Verified Petition and Motion for Related Relief, and (ii) Specifying the Form and Manner of Service of Notice (the "Motion");[1] it is hereby

**ORDERED**, that the notice requirements set forth in section 1514(c) of the Bankruptcy Code are inapplicable in these chapter 15 proceedings;

**ORDERED**, that the form of Notice attached to the Motion as Exhibit B is hereby approved;

**ORDERED**, that a copy of the Notice, the Verified Petition and Related Motion, and the Declarations shall be served by United States mail, first-class postage prepaid, on each of the Notice Parties on or before _____ __, **2024**;

**ORDERED**, that notice in accordance with this Order shall constitute sufficient notice of the Verified Petition and Related Motion and the Recognition Hearing in compliance with the Bankruptcy Rules and the Local Rules;

**ORDERED**, that the Recognition Hearing shall be held before this Court in the United States Bankruptcy Court for the District of New Jersey, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, New Jersey, 08608, on _____ __, **2024, at** ___:____ _.m. **(Eastern)**;

**ORDERED**, that responses or objections, if any, to the Verified Petition and Related Motion shall be made in writing and shall set forth the bases thereof, and such responses or objections must be: (i) filed with this Court on or before _____ __, **2024, at 4:00 p.m. (Eastern)**, which is at least seven days before the Recognition Hearing (the "Objection Deadline"), and (ii) served upon the Petitioners' counsel at Brown Rudnick LLP (Attention: David J. Molton and Gerard Cicero, dmolton@brownrudnick.com and

---

[1] Capitalized terms not defined in this Order shall have the meanings ascribed to such terms in the Motion.

gcicero@brownrudnick.com), Seven Times Square, New York, NY 10036, so as to be received

by the Objection Deadline; and it is further

      **ORDERED**, the Petitioners may file a reply in support of the Verified Petition and

Related Motion by **Noon (Eastern)** on the day before the Recognition Hearing.


Dated:   _____, 2024
      Trenton, New Jersey

                                          _____
                                          United States Bankruptcy Judge

**<u>Exhibit B</u>**

**(Form of Notice)**

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-1(b) | |
| --- | --- |
| **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Gerard T. Cicero, Esq.<br>dmolton@brownrudnick.com<br>gcicero@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br><br>and<br><br>Stephen D. Palley, Esq. (*pro hac vice* pending)<br>spalley@brownrudnick.com<br>601 Thirteenth Street NW Suite 600<br>Washington, D.C. 20005<br>Tel: (202) 536-1766<br>Fax: (617) 289-0766<br><br>and<br><br>Michael W. Reining, Esq. (*pro hac vice* pending)<br>mreining@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br><br>*Counsel for James Drury and Paul Pretlove, as the*<br>*Appointed Receivers of Hector DAO* | **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>110 Allen Rd., Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 230-2095<br><br>*Local Counsel for James Drury and Paul Pretlove, as the*<br>*Appointed Receivers of Hector DAO* |
| In re:<br><br>HECTOR DAO,<br>               Debtor. | Chapter 15<br>Case No. 24-16067 (MBK) |

### NOTICE OF FILING AND HEARING ON (I) VERIFIED PETITION FOR RECOGNITION OF FOREIGN PROCEEDING AND (II) MOTION IN SUPPORT OF VERIFIED PETITION FOR RECOGNITION OF FOREIGN PROCEEDING AND FOR RELATED RELIEF

**PLEASE TAKE NOTICE** that on June __, 2024, James Drury and Paul Pretlove, in their capacity as the appointed receivers (the "Petitioners") of Hector DAO, the above-captioned debtor with respect to the BVI Receivership Proceeding (as defined below) and this chapter 15 case, filed the *Verified Petition for Recognition of Foreign Proceeding* and related *Motion in Support of Verified Petition for Recognition of Foreign Proceeding and for Related Relief* (together, the "Verified Petition and Related Motion") with the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

15

**PLEASE TAKE FURTHER NOTICE** that the Verified Petition and Related Motion seek, among other things, the entry of an order (i) recognizing Hector DAO's receivership proceeding pending before the Eastern Caribbean Supreme Court of the British Virgin Islands (the "BVI Receivership Proceeding") as a foreign main proceeding, or, in the alternative, as a foreign nonmain proceeding, (ii) recognizing the Petitioners as the foreign representatives of Hector DAO, (iii) granting relief – pursuant to section 1521(a) of the Bankruptcy Code – prohibiting the continuation or commencement of litigation in the United States impacting Hector DAO and its assets, including litigation against certain identified third parties, (iv) granting the Petitioners authority – pursuant to section 1521(a) of the Bankruptcy Code – to examine witnesses, take evidence, and deliver information concerning Hector DAO's assets, affairs, rights, obligations, and liabilities, and (v) granting related relief under chapter 15 of title 11 of the United States Code (the "Bankruptcy Code").

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court has scheduled a hearing to consider the relief requested in the Verified Petition and Related Motion for _____ ____, 2024, at ___:___ _.m. (Eastern) (the "Recognition Hearing") in Courtroom _____ of the United States Bankruptcy Court for the District of New Jersey, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, New Jersey, 08608.

**PLEASE TAKE FURTHER NOTICE** that, at the Recognition Hearing, the Court may order the scheduling of a case management conference to consider the efficient administration of the case.

**PLEASE TAKE FURTHER NOTICE** that copies of the Verified Petition and Related Motion (and all accompanying documentation) are available to parties in interest through the Bankruptcy Court's Electronic Case Filing System, which can be accessed from the Bankruptcy Court's website at http://www.njb.uscourts.gov (a PACER login and password are required to retrieve a document) or upon a written request to the Petitioners' counsel (including by e-mail) addressed to:

> BROWN RUDNICK LLP
> David J. Molton
> Gerard T. Cicero
> Seven Times Square
> New York, NY 10036
> Tel: (212) 209-4800
> Fax: (212) 209-4801
> Email: dmolton@brownrudnick.com
> gcicero@brownrudnick.com

**PLEASE TAKE FURTHER NOTICE** that any party in interest wishing to submit a response or objection to the Verified Petition and Related Motion, or the relief requested therein, must do so in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules of the District of New Jersey, setting forth in writing the basis thereof. Any such response or objection must be filed with the Bankruptcy Court no later than **4:00 p.m. (Eastern) on _____ ___, 2024** (the "Objection Deadline"). Additionally, any response or objection must be served on counsel for the Petitioner, Brown Rudnick LLP

(Attention: David J. Molton and Gerard T. Cicero), Seven Times Square, New York, NY 10036, so as to be received by the Objection Deadline.

**PLEASE TAKE FURTHER NOTICE** that all parties in interest opposing the Verified Petition and Related Motion, or the relief requested therein must appear at the Recognition Hearing at the time and place set forth above.

**PLEASE TAKE FURTHER NOTICE** that if no response or objection is timely filed and served, the Court may grant the relief requested in the Verified Petition and Related Motion without further notice.

**PLEASE TAKE FURTHER NOTICE** that the Recognition Hearing may be adjourned from time to time without further notice other than an announcement in open court, or a notice of adjournment filed with the Bankruptcy Court, of the adjourned date or dates at the Recognition Hearing or any other further adjourned hearing.

Respectfully Submitted:

Dated: June __, 2024                            /s/ _____

**GENOVA BURNS LLC**
Daniel M. Stolz, Esq.
Donald W. Clarke, Esq.
110 Allen Rd., Suite 304
Basking Ridge, NJ 07920
(973) 230-2095
dstolz@genovaburns.com
dclarke@genovaburns.com

*Local Counsel for James Drury and Paul Pretlove,*
*as the Appointed Receivers of Hector DAO*

**BROWN RUDNICK LLP**
David J. Molton, Esq.
Gerard T. Cicero, Esq.
Seven Times Square
New York, New York 10036
(212) 209-4800
dmolton@brownrudnick.com
gcicero@brownrudnick.com

and

Stephen D. Palley, Esq. (*pro hac vice* pending)
601 13th St. NW Suite 600
Washington, D.C. 20005

17

(202) 536-1766
spalley@brownrudnick.com

and

Michael W. Reining, Esq. (*pro hac vice* pending)
One Financial Center
Boston, MA 02111
(617) 856-8200
mreining@brownrudnick.com

*Counsel for James Drury and Paul Pretlove, as the
Appointed Receivers of Hector DAO*